IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL MARTINEZ,

    Petitioner,

v.                                                                                                                                                                                                No. 1:23-cv-0955 KWR-JFR
                                                                                                                                                                                  No. 1:18-cr-03477 DHU-JFR

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Petitioner Daniel Martinez's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 215). Martinez is a federal prisoner and proceeding *pro se*. He asserts four ineffective assistance of counsel claims and one condition of confinement claim. Having reviewed the parties' submissions and the record, the Court will deny all of Martinez's claims, except for Claim 1 which asserts that his counsel was ineffective for refusing to file an appeal despite being directed to do so. This limited issue must be resolved following an evidentiary hearing. Counsel will be appointed to represent Martinez at the hearing.

## BACKGROUND

       On February 1, 2018, Martinez and others arrived at a gas station in Edgewood, New Mexico with the intent to commit a robbery. (CR Doc. 206 at 5) (Plea Agreement). After his accomplice robbed the gas station's kiosk of approximately $50.00, Martinez discharged his firearm, which ultimately caused the death of a gas station attendant who was attempting to stop the theft. *Id.* at 5-6. Due to the robbery and death of the victim, the gas station was closed for several hours, obstructing and affecting interstate commerce. *Id.*

On October 23, 2018, Martinez was charged on two counts: Interference with Interstate Commerce by Robbery and Violence and Aiding and Abetting in violation of 18 U.S.C. § 1951(a) (Count 1), and Possession, Brandishing, and Discharge of a Firearm in Furtherance of a Crime of Violence Resulting in Death and Aiding and Abetting in violation of 18 U.S.C. § 924(j) (Count 2). (CR Doc. 2) (Indictment). On May 3, 2022, Martinez pleaded guilty to both counts pursuant to a Federal Rule of Civil Procedure 11(c)(1)(C) plea agreement, in which the parties agreed to a specific sentence of 26 years of imprisonment with the amount of restitution and length and conditions of supervised released to be determined by the Court after additional evidence was presented. (CR Doc. 217 at 18-19, 24, 29-30). The Court accepted Martinez's guilty plea and concluded it was made knowingly and voluntarily. *Id.* at 32-33. On October 21, 2022, Martinez was sentenced to a total term of 26 years imprisonment and 5 years of supervised release. (CR Doc. 214) (Judgment).

On October 31, 2023, Martinez, proceeding *pro se*, filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 215). The motion raises the following grounds for relief:

(*Claim 1*) Counsel was ineffective for informing him he cannot file an appeal due to the "Waiver of Appeal Rights" provision in his plea agreement;

(*Claim 2*) Counsel was ineffective by failing to challenge the affidavit that supported the search warrant;

(*Claim 3*) Counsel was ineffective by preventing him from seeing the affidavit and arrest warrant, and denying him the ability to cross-examine the United States; and

(*Claim 4*) Counsel was ineffective by failing to challenge the affidavit's reliance on surveillance footage.

Additionally, it appears Martinez wishes to include a fifth claim regarding the conditions of his confinement at the institution in which he is incarcerated. He complains he has been "subjected to cruel and unusual punishment" by being exposed to Covid-19, placed "in a cell without exercise," and denied a "hot meal." (CV Doc. 1 at 9).

The United States filed an answer to the Motion with supporting supplemental materials. (CV Doc. 5). Martinez did not file a reply.

## DISCUSSION

A petition under 28 U.S.C. Section 2255 attacks the legality of a federal prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States," including the Sixth Amendment right to effective counsel. 28 U.S.C. § 2255(a). *See also U.S. v. Tucker*, 745 F.3d 1054, 1066 (10th Cir. 2014) ("Sixth Amendment claims asserting ineffective assistance of counsel can and generally must be brought in a habeas action for post-conviction relief under 28 U.S.C. § 2255.").

A successful ineffective assistance of counsel claim must meet the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show "[c]ounsel's performance was deficient" and contained "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 688. In other words, the representation must fall below an objective standard of reasonableness based on prevailing professional norms. *Id.* at 687-88. The Court is required to "eliminate the distorting effects of hindsight" and "indulge a strong presumption that counsel acted reasonably." *Welch v. Workman*, 639 F.3d at 980, 1012 (10th Cir. 2011) (quotations omitted). The question to determine deficient performance "is whether [the] representation amounted to incompetence

under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Simpson v. Carpenter*, 912 F.3d 542, 593 (10th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)); *Williamson v. Ward*, 110 F.3d 1508, 1514 (10th Cir. 1997) ("There is a strong presumption that counsel's performance falls within the wide range of professional assistance, the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.") (citations omitted).

The second prong of *Strickland* requires the petitioner to affirmatively prove the deficient performance prejudiced the defense. *Battenfield v. Gibson*, 236 F.3d 1215, 1234 (10th Cir. 2001) (citing *Strickland*, 466 U.S. at 693). The movant must establish prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of pleas, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). *See also Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("[A] defendant must show the outcome of the plea process would have been different with competent advice"). Courts may analyze either prong first and need only address one prong if the movant fails to make a sufficient showing on that prong. *Id.* at 697.

    1.    *Conditions of Confinement*

As a preliminary matter, to the extent Martinez wishes to challenge his conditions of confinement at the institution in which he is incarcerated, such an attempt is not appropriate in a Motion to Vacate brought pursuant to 28 U.S.C. § 2255.

A federal court may grant a prisoner's application for writ of habeas corpus on "the

ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). An action under Section 2255 is therefore intended to challenge the lawfulness of a prisoner's confinement pursuant to a final conviction in federal court. Courts have "no jurisdiction to proceed under the provisions of 28 U.S.C. § 2255 [if] the petitioner is not attacking the judgment of conviction and sentence." *Thompson v. Warden-El Reno*, 418 F. Supp. 894, 894 (W.D. Okla. 1976).

Therefore, Martinez's conditions of confinement claim cannot be adjudicated under Section 2255 review. Such a claim is more appropriately addressed pursuant to 42 U.S.C. § 1983 for an alleged violation of his civil rights. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (claims arising from conditions of confinement must be brought in a 42 U.S.C. § 1983 civil rights complaint rather than in a habeas petition). *See also United States v. Sparrow*, 2003 WL 27385229, at *1 (D.N.M. Apr. 14, 2003) (dismissing without prejudice a conditions of confinement claim brought in a § 2255 motion).

2. Claim 1: *Ineffective Assistance of Counsel as to Filing an Appeal*

In the instant Section 2255 motion, signed under penalty of perjury, Martinez represents that he asked his counsel to file an appeal, but his counsel refused to do so, citing the "Waiver of Appeal Rights" provision in his plea agreement. (CV Doc. 1 at 4). *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (noting that a pleading may be treated like an affidavit so long as it "alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury."). In response to this allegation, his counsel maintains Martinez did not request an appeal be filed, that he is aware of his obligation to file an appeal if directed by a client despite

5

any waiver in a plea agreement, and he would have filed one in Martinez's case if he actually received such direction because it is his practice to file an appeal waiver even if he knows an appeal will ultimately not be heard on the merits. (CV Doc. 5 at 3-6). Notably, however, the Government has not submitted a sworn affidavit attesting to these assertions.

In *Garza v. Idaho*, 586 U.S. 232, 241 (2019), the United States Supreme Court found an attorney to have rendered deficient performance by not filing a notice of appeal in light of clear requests from defendant despite an appeal waiver in the plea agreement. *Garza* explained "simply filing a notice of appeal does not necessarily breach a plea agreement, given the possibility that the defendant will end up raising claims beyond the waiver's scope. And in any event, the bare decision whether to appeal is ultimately the defendant's, not counsel's, to make." *Id*. Thus, "[w]here . . . a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions" even where the defendant's plea agreement contains an appellate waiver. *See id.* at 241-242. This Court has since followed the holding in *Garza*. *See United States v. Nevarez-Ledezma*, 2021 WL 2644417, at *11 (D.N.M. June 28, 2021), *report and recommendation adopted*, 2021 WL 4317142 (D.N.M. Sept. 22, 2021).

Because both parties have offered contradictory statements regarding whether Petitioner requested his counsel to file an appeal on his behalf, the Court cannot, without more, resolve the motion as to this issue on the current record. *See also United States v. Palermo*, 175 Fed. Appx. 244, 246 (10th Cir. 2006) (district court erred in assessing credibility of defendant's version of events without an evidentiary hearing); *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005) (remanded for an evidentiary hearing concerning whether counsel disregarded petitioner's request to file a notice of appeal, even though movant pled guilty, and his plea agreement

contained an appeal waiver).

Since there is a factual dispute concerning whether Martinez asked his counsel to file an appeal on his behalf, a limited evidentiary hearing is required. The undersigned will order the Clerk of Court to appoint counsel for Martinez with respect to this issue, and the Court will schedule a limited evidentiary hearing.

> 3. Claim 2 and 4: *Ineffective Assistance of Counsel for Failing to Challenge the Affidavit Due to Informant Unreliability and Improper Surveillance*

In Claim 2, Martinez asserts that his counsel was ineffective for failing to challenge the affidavit used to procure the search warrant. (CV Doc. 1 at 5). Martinez contends the "informants [were] hardly reliable" and "the government was surveilling [him] without cause in violation of [his] civic right." *Id.* Similarly, in Claim 4, Martinez asserts that "local law enforcement did not have a warrant to gather any information on him or surveillance him," and any such information or surveillance footage was inappropriately used to support the affidavit. *Id.* at 8. Due to the interrelatedness of these two arguments, the Court will address them together.

The Government attached a copy of the "Affidavit for Search Warrant" to its Response. (CV Doc. 5-3). The affiant, Mitchel Bengston, was a law enforcement officer employed by the New Mexico State Police at the time of the robbery and homicide investigation which gave rise to Martinez's underlying federal criminal case. *Id.* at 2. Officer Bengston identified several informants by name, some of whom stated they saw Martinez at the scene of the crime in a white pickup truck holding a firearm. *Id.* at 3. Four informants reported they observed Martinez fire shots from inside of the white pickup truck at the victim. *Id.* Officer Bengston wrote that an investigatory agent observed two white trucks in surveillance video leaving the area at the time of

the crime. *Id.* at 2. After the incident, Martinez was involved in another unrelated shooting at a motel. *Id.* at 3. The four informants indicated Martinez was shot in the upper thigh. *Id.* Bengston attested that footage from Presbyterial Hospital surveillance cameras showed Martinez checking himself in for an injury. *Id.*

A claim of ineffective assistance of counsel may be based on counsel's failure to request a *Franks* hearing. *See Kimmelman v. Morrison*, 477 U.S. 365, 380 (1986) (failure to object to the admissibility of evidence under the Fourth Amendment may constitute ineffective assistance of counsel). In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court ruled that a criminal defendant may challenge the veracity of a sworn statement used to procure a search warrant under certain circumstances:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Franks*, 438 U.S. at 155-56.

"[T]he Sixth Amendment does not require that every possible motion be filed, but only those having a solid foundation." *Coleman v. Brown*, 802 F.2d 1227, 1234 (10th Cir. 1986); *see also United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985) ("The attorney's decision not to file all motions requested by his clients was not ineffective assistance of counsel."); *accord United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding that a claim of ineffective assistance of counsel fails when premised on counsel's alleged failure to pursue meritless argument).

Here, Martinez does not state what specific grounds, if any, his counsel could have

8

challenged the accuracy of statements used to procure the search warrant. "Without an allegation based on some offer of proof, a motion for a *Franks* hearing would have been meritless." *Moreno v. United States*, 2015 WL 13662758, at *3 (D.N.M. June 5, 2015). Martinez has made no attempt to demonstrate a reasonable probability that, absent his counsel's allegedly deficient performance, he would have obtained a *Franks* hearing, that evidence would have been suppressed, that he would not have pleaded guilty, and that he would have insisted on going to trial. *See Silva v. United States*, 2021 WL 4805149, at *11 (D.N.M. Oct. 14, 2021), *report and recommendation adopted*, 2021 WL 5207054 (D.N.M. Nov. 9, 2021) (the burden is on the petitioner "to show that there is a reasonable probability that the outcome of his case would have been different had his counsel challenged the warrant – i.e. that any motion challenging the arrest warrant would have been successful.").

Instead, Martinez makes conclusory allegations that the "informants [were] hardly reliable" and "the government was surveilling [him] without cause in violation of [his] civic right." *See United States* v. *Jordan*, 516 Fed. Appx. 681, 682 (10th Cir. 2013) ("although [the court] must liberally construe defendant's pro se petition, [it is] not required to fashion defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments") (citation, brackets, and internal quotation marks omitted). And, in the Court's own review of the affidavit and record, nothing suggests that Officer Bengston's preparation of the affidavit involved a deliberate falsehood or reckless disregard for the truth. "[W]ithout evidence of false statements that were necessary to the finding of probable cause, Petitioner cannot show prejudice under the second prong of *Strickland*." *Moreno*, 2015 WL 13662758, at *3 (citing *Kimmelman*, 477 U.S. at 375.

Also, as to the surveillance matter, such an argument fails because, as discussed above,

Counsel is not required by the Sixth Amendment to file meritless motions. Nothing in the affidavit supporting the search warrant indicate that Martinez was unconstitutionally surveilled by local law enforcement. To the contrary, the two references to surveillance footage in the affidavit appear to have been recorded on private cameras located at or around the gas station where the crime occurred and the hospital which Martinez visited. Martinez had no expectation of privacy because he was visible to the public and "exposed to public view, speech, hearing, and touch." *United States v. Santana*, 427 U.S. 38, 42 (1976). Consequently, any motion to suppress the affidavit in relation to an unconstitutional surveillance measure would have been frivolous. Again, Martinez fails to establish prejudice under *Strickland*.

For these reasons, Martinez's allegations of error in Counts 2 and 4 do not state a valid ineffective assistance of counsel claim.

    4.    Claim 3: *Ineffective Assistance of Counsel by Preventing Petitioner from Reviewing the Affidavit and Arrest Warrant, and Cross-Examining the United States*

In Claim 3, Martinez asserts he told his counsel he wanted "to see the affidavits notes, arrest warrant, and cross examine the United States of America as the names appear on the face of the indictment." (CV Doc. 1 at 7). In pleading guilty, however, Martinez affirmatively stated that he had the opportunity to review the Government's evidence against him and specifically waived his right to confront and cross-examine witnesses. Martinez voluntarily abandoned these arguments in exchange for the benefit of the plea agreement.

The plea agreement specifically notes that Petitioner would normally have the right to confront and cross-examine witnesses, but that he waives his trial rights (including the right to confront and cross-examine witnesses) by pleading guilty. (CR Doc. 206 at 1-2). At the change of plea hearing, Petitioner acknowledged that by pleading guilty, he was giving up any possible

10

defenses to the charges. (CR Doc. 217 at 13-14). Petitioner also verbally acknowledged the trial rights he was giving up by pleading guilty, including the right to cross examine witnesses. *Id.* at 14-15. Petitioner informed the Magistrate Judge that his attorney had provided him with the produced discovery, talked to Martinez about the discovery, and explained the government's evidence. *Id.* at 27-28. *See Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996). ("[R]epresentations of the defendant . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal[.]")

A Rule 11 colloquy was conducted and determined Martinez's plea was knowing and voluntary. *Id.* at 32-33. Martinez does not argue his plea agreement was involuntary, invalid, or unlawful. Accordingly, Martinez expressly, knowingly, and voluntarily waived his right to confront and cross-examine witnesses, and he is not entitled to relief as requested in Claim 3. *See United States v. Mujica-Leon*, 2006 WL 8444150, at *3 (D.N.M. May 4, 2006), *report and recommendation adopted*, 2006 WL 8444060 (D.N.M. July 12, 2006) (ineffective assistance of counsel claim fails as to a defendant's inability to cross-examine a witness when defendant knowingly and voluntarily waives that right via a valid plea agreement). There is simply nothing in the record to support that he did not understand the consequences of his plea.

Furthermore, Martinez's allegation of ineffectiveness is conclusory and speculative. He does not allege that he would have insisted upon going to trial but for his counsel's purported failure to allow him to see the "affidavits notes, arrest warrant, and cross examine the United States of America." *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). Lastly, even if Martinez's counsel did file a motion to suppress the affidavit, the Confrontation Clause right does not apply in suppression hearings. *United States v. Harmon*, 871 F. Supp. 2d 1125, 1169-70 (D.N.M. 2012), *aff'd*, 742 F.3d 451 (10th Cir. 2014).

Accordingly, Martinez has not established ineffective assistance of counsel.

**IT IS THEREFORE ORDERED** that Petitioner Daniel Martinez's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 215) is **DENIED** except as to the claim that counsel failed to file a requested appeal.

**IT IS FURTHER ORDERED** that counsel is appointed for the limited purpose of assisting Petitioner Daniel Martinez at the evidentiary hearing in presenting his claim regarding plea counsel's failure to file a requested appeal. The Clerk's Office will coordinate with the Federal Public Defender's Office to effectuate the appointment.

**IT IS FURTHER ORDERED** that that the Court will conduct a hearing on the sole remaining issue, i.e., that counsel rendered Constitutionally ineffective assistance by failing to file an appeal.

      /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE